IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREA L. CHANEY *for S.S.L.*,   :
                                  :
   Plaintiff,                    :
                                  :
v.                                :   CIVIL ACTION NO. 19-cv-00651
                                  :
ANDREW M. SAUL,[1]                :
Commissioner of Social Security   :
                                  :
   Defendant.                    :

## MEMORANDUM OPINION

**RICHARD A. LLORET**                                                                  **January 17, 2020**
**U.S. MAGISTRATE JUDGE**

     Andrea Chaney, on behalf of her minor daughter, S.S.L., seeks review of an unfavorable decision by an Administrative Law Judge ("ALJ"), denying her claim for Child Supplemental Security Income. Ms. Chaney contends that the ALJ's unfavorable decision was reached in error. Pl. Br. at 8–14 (Doc. No. 20). Before delving into Ms. Chaney's other argument, I must first address her claim that the presiding ALJ's appointment was improper under the Appointments Clause of the Constitution. *Id.* at 8–10 (citing to *Lucia v. SEC*, 138 S. Ct. 2044 (2018)); *see also* Pl. Reply at 1–8 (Doc. No. 22). The Commissioner of Social Security (the "Commissioner") argues that Ms. Chaney forfeited this claim by not challenging the ALJ's appointment in the agency proceeding below. Def. Br. at 4–14 (Doc. No. 21).

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 4, 2019, and is therefore substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 205(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

After careful review, I find that the ALJ was improperly appointed under the Constitution, and that Ms. Chaney did not forfeit her Appointments Clause claim. Therefore, Ms. Chaney's request for review is granted, and this matter is remanded to the Commissioner for further proceedings in accordance with the memorandum opinion that follows.

## **PROCEDURAL HISTORY**

Ms. Chaney filed a claim on behalf of her daughter for Child Supplemental Security Income, on January 20, 2015. *See* R. 60. She alleged disability based on attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD"), with an onset date of January 1, 2015. *See id.* Her claim was initially denied on April 15, 2015. R. 69–72. Ms. Chaney subsequently requested an administrative hearing. The hearing was held on March 16, 2017, where Ms. Chaney was unrepresented.[2] R. 27–41 (hearing transcript). Following the hearing, on July 19, 2017, the ALJ issued a written decision, denying Ms. Chaney's claim. R. 375–87. The Appeals Council subsequently denied Ms. Chaney's requests for review.[3] R. 6–16. This appeal follows.[4]

---

[2] After filing her *pro se* complaint, Ms. Chaney requested that counsel be appointed to pursue this action in federal court. *See* Doc. No. 3. I granted Ms. Chaney's request, placing her case on the extranet panel for selection by a Social Security panel attorney. *See* Doc. No. 8. Her case was selected by counsel, and she is now represented in this action. *See* Doc. No. 14.

[3] Ms. Chaney twice requested the Appeals Council to review the ALJ's denial. The first request was on September 5, 2017, and the Appeals Council denied it on July 19, 2018. R. 12–16. The second request was on November 8, 2018, and it was denied on January 14, 2019. R. 6–11.

[4] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 5 (Notice of Commissioner's General Consent); Doc. No. 6 (Ms. Chaney's Consent Form).

2

## **DISCUSSION**

For all of the reasons discussed in my recent report and recommendation in *Anastasio v. Saul*, No. 18-5074, at 4–24 (E.D. Pa. Dec. 11, 2019),[5] I find that the ALJ that presided over Ms. Chaney's claim was not properly appointed under the Appointments Clause and that Ms. Chaney did not forfeit her objection.[6] Furthermore, even if Ms. Chaney had forfeited her Appointments Clause claim, it would have been futile for her to raise the challenge at the agency level, thus excusing her from not raising the claim earlier.[7]

---

[5] On January 7, 2020, the Honorable Gene E.K. Pratter entered an order approving and adopting the report and recommendation in *Anastasio v. Saul*.

[6] However, unlike the claimant in *Anastasio*, Ms. Chaney was unrepresented during the agency-level proceedings. Ms. Chaney's lack of counsel further compels not imposing a forfeiture requirement for her Appointments Clause claim.

[7] The futility analysis in *Anastasio* was based on the Social Security Administration's ("SSA") failure to retroactively appoint the SSA ALJs until July 16, 2018, and the SSA's policy to not address Appointments Clause challenges. *See Antastasio*, No. 18-5074, at 13–17, 23–24 (citing to EM-18003 REV, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective June 25, 2018); EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective August 6, 2018)).

Here, the ALJ's written decision, dated July 19, 2017, was issued almost a year before the SSA ALJs were re-appointed. Clearly, it would have been futile for Ms. Chaney to challenge the ALJ's appointment status at the hearing or at the time of decision, as there were no available ALJs who were constitutionally appointed. On appeal, the Appeals Council denied both of Ms. Chaney's requests for review: the first on July 19, 2018, and the second on January 14, 2019. R. 6–11. While there were potentially constitutionally appointed ALJs available (at least realistically with respect to the second denial) to re-adjudicate her claim, SSA's policy, for a period of time, was to not acknowledge any Appointments Clause challenges made to the Appeals Council. *See* EM-18003 REV, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective June 25, 2018). However, it is unclear when SSA changed its policy to allow the Appeals Council to take action on these claims. The current "Emergency Message" on the SSA's website suggests the policy changed effective August 6, 2018, but the SSA did not issue an official policy ruling until March 2019. *See* EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective August 6, 2018); SSR 19-1P, 2019 WL 1324866 (March 15, 2019). As I explained in *Anastasio*, there was no statutory or regulatory requirement that a plaintiff exhaust this issue before the agency. Thus, imposition of a judicial issue exhaustion rule would be inappropriate. *Anastasio*, No. 18-5074, at 7–13 (citing *Sims v. Apfel*, 530 U.S. 103 (2000)).

3

## CONCLUSION

Based upon the above, the Request for Review by Plaintiff Andrea Chaney on behalf of her daughter S.S.L. is granted. I find that Ms. Chaney did not forfeit her objection to the ALJ's appointment. Therefore, because the ALJ was improperly appointed, the Commissioner's final decision is reversed, and this matter is remanded for further proceedings before a different, constitutionally appointed ALJ.

BY THE COURT:

RICHARD A. LLORET
U.S. Magistrate Judge